

**Signed and Filed: May 11, 2022**

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Adversary Case No. 22-03014-DM |
| FLEXIBLE FUNDING LTD. LIABILITY CO., | |
| Plaintiff, | |
| v. | |
| TIJUANA'S PRODUCE, INC., AND DOES 1 THROUGH 20, INCLUSIVE, | |
| Defendants. | |

**MEMORANDUM DECISION ON MOTIONS TO TRANSFER VENUE AND TO REMAND**

A transfer of venue of an adversary proceeding is governed by 28 U.S.C. § 1412 "in the interest of justice or for the convenience of the parties." A remand to a non-bankruptcy forum is governed by 28 U.S.C. §1452(b) "on any equitable ground." These two guiding principles are not unrelated, and frequently, as here, arise together when one party wants to go back to state court while the other wants to head to a "home" bankruptcy court.

-1-

The underlying issues presented by plaintiff, Flexible Funding Ltd. Liability Co., began in San Francisco Superior Court, where it sued defendant and others in similar actions three years ago. The dispute had no genesis under bankruptcy law; indeed, there was no bankruptcy pending. Despite the plea for a resolution of what its counsel calls a split of authority regarding core versus non-core nature of its claims against defendants, there is no spilt here. The claims are textbook non-core. Similarly, while any ultimate recovery against defendant might accomplish a result "along the lines of those remedies afforded a trustee under 11 U.S.C. § 542(b)", such a recovery would not be under that section, so the analogy is of no value.

Years after Flexible Funding filed those actions, it filed a Chapter 11 bankruptcy petition in Texas. In the meantime, it has not fared well in parallel state court matters. The obvious inference is that Flexible Funding wants out of San Francisco as soon as possible, and that desire has led to its efforts to get this and two similar matters first to this court, which it now asks to send to Texas.

This tactic is not in the interest of justice and hardly for the convenience of the parties on the other side, who oppose transfer and ask for remand to state court. If Flexible Funding was the victim of a scheme of misconduct by TSPS, that is unfortunate, but it is not a justification for denying defendants of their ability to defend the actions in the proper forum where Flexible Funding started them. There is nothing convenient about making defendant travel to Texas to defend a

-2-

Case: 22-03014   Doc# 18   Filed: 05/11/22   Entered: 05/11/22 14:07:17   Page 2 of 4

case Flexible Funding initiated in California.  If Flexible Funding is correct that the case will depend on documentary evidence, its counsel can present that evidence in San Francisco Superior Court.  The similar compelling equitable grounds for remand apply with equal force.

Further, transferring a quiet title action from Riverside, CA to Fresno, CA is hardly comparable to transferring a commercial collection action that has been pending for years from California to Texas.  Nor is the pending consideration of a disclosure statement in Flexible Funding's main case likely to have any bearing on the merits of this adversary proceeding.

The court will put an end to this unseemly forum shopping without further delay.  No hearing is necessary.  The motion to transfer venue (Dkt. 5) will be DENIED.  The motion to remand (Dkt. 14) will be GRANTED.  They are both DROPPED from the May 13, 2022, calendar.  The court will issue separate orders consistent with this decision.

\*\*END OF MEMORANDUM DECISION\*\*

ECF Recipients